Dixon, Appellant, v. Dixon et al., Appellees.

[Cite as Dixon v. Dixon (1983), 4 Ohio St. 3d 160.]

(No. 82-402—Decided April 20, 1983.)

*Clayman & Jaffy Co., L.P.A.,* and *Mr. Stewart J. Jaffy,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Marquette D. Evans,* for appellee Bureau of Employment Services.

*Per Curiam.* The issue presented in this appeal is whether appellant's claim for unemployment compensation benefits was properly denied. For the reasons which follow, we conclude that the denial of benefits was premature.

Because appellant was employed by her son, R.C. 4141.01(B) applies. It provides, in relevant part that:

"(3) 'Employment' does not include the following services if they are found not subject to the 'Federal Unemployment Tax Act,' 84 Stat. 713 (1970), 26 U.S.C. 3301, and if the services are not required to be included under division (B)(2)(j) of this section:

"* * *

"(f) Service performed by an individual in the employ of his son, daughter, or spouse and service performed by a child under the age of eighteen in the employ of his father or mother;"

According to this language, the services appellant performed are not considered "employment" and, therefore, would not entitle her to unemployment compensation benefits.

However, this section does not absolutely bar such an employee from benefits because the statutory scheme provides a means by which an employer can request coverage. R.C. 4141.01(A)(5) allows employers to file a form with the administrator for those employees not covered by virtue of section (B). It provides in pertinent part that:

"Any employer for whom services that do not constitute employment are performed may file with the administrator a written election that all such services performed by individuals in his employ in one or more distinct establishments or places of business shall be deemed to constitute employment for all the purposes of sections 4141.01 to 4141.46 of the Revised Code, for not less than two calendar years. Upon written approval of such election by the administrator, such services shall be deemed to constitute employment subject to such sections from and after the date stated in such approval. * * *"

Thus, appellant's employer could have filed a written election requesting that she be entitled to benefits for her work at the carryout. However, the court of appeals concluded that appellant's employer failed to make this election.

Although employers may voluntarily elect to file for coverage for employees under (A)(5), employers subject to the Act are required to pay contributions into the state fund. The state can compel an employer to comply

with the statutory mandate to pay into the state fund.[2] However, the state argues that it need not pay benefits under these circumstances unless the voluntary election under (A)(5) was properly filed.

In this case, the employer paid the required contributions[3] for the years in which appellant was employed at the carryout. It is undisputed that appellant worked long hours, six days a week. However, appellant was denied benefits due to her employer's failure to file a form with the state. Even though contributions were paid into the state fund, appellant was denied benefits through no fault of her own.

The result is that the state has been unjustly enriched by receiving the contributions and denying compensation to appellant.[4] Allowing the state to benefit at the expense of appellant is against the fundamental principles of fairness and equity.[5]

In considering this situation, we are mindful that the purpose of the Ohio Unemployment Compensation Act is to "provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault of his own." *Salzl* v. *Gibson Greeting Cards* (1980), 61 Ohio St. 2d 35, 39 [15 O.O.3d 49]. According to this statement, the system was designed to aid an individual in appellant's circumstances. Furthermore, R.C. 4141.46 states that the Act is to be liberally construed and appellant deserves a right to have her claim determined on its merits pursuant to R.C. 4141.26.[6]

We agree with Presiding Judge Grey's dissent in the court below that justice requires that this case be reversed and remanded for a determination on the effect of the employer's failure to file the election under R.C. 4141.01(A)(5).

---

[2] R.C. 4141.23 provides, in pertinent part: "Any contribution, interest, or forfeiture required to be paid under such sections by any employer shall, if not paid when due, become a lien upon the real and personal property of such employer. * * *"

[3] A statement from a firm of registered public accountants stated that state unemployment was paid for appellant from the first quarter in 1975 through part of the second quarter in 1979.

[4] One remedy to prevent unjust enrichment is a constructive trust. See Restatement of Restitution 640, at Section 160. According to *Brown* v. *Concerned Citizens, Inc.* (1978), 56 Ohio St. 2d 85, 91 [10 O.O.3d 220], a constructive trust may be imposed on funds to prevent unjust enrichment.

[5] The burden should be on employers to file the proper forms to insure coverage for their employees. Even if the employer could obtain a refund of his contributions paid into the state fund, the purpose of the Act is frustrated unless unemployed workers receive the compensation they are entitled to under the Act. See *Brown, supra.*

[6] R.C. 4141.26 provides, in part, that: "Notwithstanding any determination made in pursuance of sections 4141.23 to 4141.26 of the Revised Code, no individual who files a claim for benefits shall be denied the right to a fair hearing as provided in section 4141.28 of the Revised Code, or the right to have his claim determined on the merits thereof."

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded.

*Judgment reversed and cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, MAHONEY, HOLMES and C. BROWN, JJ., concur.

DAHLING, J., concurs in judgment only.

MAHONEY, J., of the Ninth Appellate District, sitting for LOCHER, J.

DAHLING, J., of the Eleventh Appellate District, sitting by assignment.