Meshew, Appellant, *v.* Admr., Ohio Bureau of Employment Services, et al., Appellees.

(No. 1916—Decided June 13, 1984.)

*James H. Ross,* for appellant.
*Thomas A. Burns,* for appellees.

George, J. Keith A. Meshew, Jr., appeals the judgment of the trial court affirming the decision of the Unemployment Compensation Board of Review denying unemployment benefits. This court reverses the judgment of the trial court.

Keith Meshew was vice-president of Chemical Services, Inc., a corporation owned and operated by his family. Keith was also a director and ten percent shareholder of this corporation. The company's business declined in 1982. It was necessary to reduce the company's payroll in order to avoid bankruptcy. A director's meeting was held in which it was decided that Keith would be laid off.

Keith filed a claim for unemployment benefits. The claim was disallowed by the administrator. This decision was affirmed by the board of review and the trial court.

Assignment of Error

"The decision of the Board of Review, affirmed by the Common Pleas Court, is contrary to law, against the manifest weight of the evidence and unreasonable."

The record reveals that Chemical Services, Inc. was a small, closely held corporation run by the Meshew family. Keith Meshew, Sr. was the president. His wife, Luciene, was the secretary-treasurer. His two sons, Keith and David, were vice-presidents.

In order for the company to avoid bankruptcy in the fall of 1982, the payroll had to be reduced. A meeting was held to address this problem. Keith Meshew, Sr., told his sons that the company could not afford to keep both of them on the payroll. Keith acknowledged that he was the least productive and offered to be the one to leave. He was let go the following week.

Initially, it is noted that an officer of a corporation is eligible for unemployment compensation. R.C. 4141.01(B)(1)(a). At issue in this case is whether Keith

was involuntarily laid off or whether he voluntarily left the company. In determining what constitutes an involuntary layoff, the court of appeals, in *Dudley* v. *Morris* (1966), 6 Ohio App. 2d 187 [35 O.O.2d 349], paragraph one of the syllabus, stated:

"An employee who, as of the time of his layoff, is personally desirous of continuing work, and who is required by his employer to cease working, has suffered 'involuntary' unemployment within Section 4141.29, Revised Code."

Further, this court is cognizant of the policy considerations stated in *Dixon* v. *Dixon* (1983), 4 Ohio St. 3d 160, 162, where the Ohio Supreme Court noted:

"* * * [T]he purpose of the Ohio Unemployment Compensation Act is to 'provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault of his own.' *Salzl* v. *Gibson Greeting Cards* (1980), 61 Ohio St. 2d 35, 39 [15 O.O. 3d 49]. * * * Furthermore, R.C. 4141.46 states that the Act is to be liberally construed and appellant deserves a right to have her claim determined on its merits pursuant to R.C. 4141.26."

In this case, the record reveals that the company was forced to reduce its payroll because of a business downturn. While both Keith and David wanted to continue working, it was clear that one of them had to be laid off. The only question was who it would be. Keith volunteered to leave. However, this fact does not mean that he was voluntarily unemployed. Rather, as an officer of the corporation, he suggested that the company's best interests would be served if he were laid off. It then became the decision of the company to lay him off.

Therefore, Keith Meshew, Jr. was involuntarily unemployed. Accordingly, this court reverses the judgment of the trial court.

The case is remanded to the board for proceedings consistent with the law and this opinion.

*Judgment reversed and cause remanded.*

QUILLIN, J., concurs.

BAIRD, P.J., concurs in part and dissents in part.

BAIRD, P.J., concurring in part and dissenting in part. The referee found that Keith Meshew, Jr. elected to tender his resignation, which was accepted by his father, who was president of the firm. The father testified that, if both his sons had expressed a desire to continue, he would have terminated his own services, rather than those of either of his sons.

However laudable or altruistic his motivation may have been, the fact remains that Keith Meshew, Jr. ended his service with the family business because he chose to do so.

The evidence amply supports the conclusions reached by the referee, and the first assignment of error should be overruled.

In the second assignment of error, an issue is raised as to whether it was error for the referee not to have ruled on the question of the existence of just cause for Meshew's quitting, pursuant to R.C. 4141.29(D)(2)(a). Both sides apparently concede that this is a determination of fact to be made by the referee. Accordingly, the second assignment of error should be partially sustained, and the case remanded for that factual determination to be made, based on the evidence presently in the record.