### Cox
### v.
### Bureau of Emp. Serv.
*[Cite as 2 AOA 221]*

*Case No. 89AP-110080*
*Tuscarawas County, (5th)*
*Decided April 12, 1990*

**R.C. 4141.29**

*Robert R. Peitro, 122 North Broadway, P.O. Box 326, New Philadelphia, OH 44663, For Plaintiff-Appellant.*

*Anthony J. Celebrezze, Jr., Attorney General of Ohio., Thomas A. Burns, Assistant Attorney General, 717 Ameritrust Bldg., 116 Cleveland Ave. N.W., Canton, OH 44702, For Defendants-Appellees.*

**SMART, J.**

This is an appeal from a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, that affirmed a decision of appellee, Administrator of the Ohio Bureau of Employment Services (the Bureau). The Bureau had determined that claimant-appellant, Betty S. Cox (Cox), had quit her employment without just cause.

Cox was sole stockholder and president of Twilite Lounge, Inc. (Twilite). Twilite owned and operated a restaurant and bar in Dover, Ohio, for approximately nine years. Twilite owned the liquor license, and Cox owned the real estate, which she rented to Twilite. Cox was employed by Twilite as manager of the business; she also performed various other duties ranging from bartender to custodian as necessary. She received a salary from Twilite.

At some point in time, she began to develop health problems, and her physicians urged her to cut back on her employment. However, the business receipts declined, and an attempt to employ other persons to perform some of the duties she had been doing proved to be unfeasible. Twilite eventually sold the business. Cox offered to work for the new owners as manager but was refused.

Cox assigns three errors to the trial court:

I. THE JUDGMENT IS NOT SUSTAINED BY THE EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

II. THE JUDGMENT IS CONTRARY TO LAW.

III. THE TRIAL COURT ABUSED ITS DISCRETION IN AFFIRMING THE BOARD'S DECISION.

Because all three of Cox's assigned errors are interrelated, we will combine them for the purposes of discussion here.

R.C. 4141.01(B)(1) states:

"(B)(1) "Employment" means:

"(a) Service performed for wages under any contract of hire, written or oral, express or implied, including service performed in interstate commerce and service performed by an officer of a corporation, without regard to whether such service is executive, managerial, or manual in nature, and without regard to whether such officer is a stockholder or a member of the board of directors of the corporation.

In *Brown-Brockemyer Co. v. Roach* (1947), 148 Ohio St. 511, our Supreme Court held that the administrative board functions as the trier of fact, and that courts of common pleas shall limit review to questions of law and of manifest weight of the evidence.

Our scope of review is even narrower: whether the court of common pleas abused its discretion, *Angelkovski v. Buckeye Potato Chip Co., Inc.* (1983), 11 Ohio App. 3d 159, citing *Rohde v. Farmer* (1970), 23 Ohio St. 2d 82. A court abuses its discretion when its decision is without a reasonable basis, *Angelkovski* at 162.

Just cause has been defined as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." *Payton v. Sun T.V. & Appliances* (1975), 44 Ohio App. 2d 10 at 12.

Twilite was inarguably the employer of Cox, *Westwood Construction Co. v. Board of Review* (1983), 11 Ohio App. 3d 120. The confusion here lies in the fact that Cox owned the corporation that in turn employed her. Cox reported to the administrative agency that she had quit her employment. However, when the corporation sold the business, Cox, the employee, could not have continued to work. An equally valid theory of this case would be that she was laid off by Twilite for lack of work. In the alternative, Cox, the president of Twilite, could have chosen to continue to operate the business even though it was unprofitable. If it did not generate sufficient monies to pay her salary, she may have been eligible for compensation, *McMillian v. Unemployment Compensation Board of Review* (1983), 10 Ohio App. 3d 290.

In *Dixon v. Dixon* (1983), 4 Ohio St. 3d 160, at 162, our Supreme Court said:

"The purpose of the Ohio Unemployment Compensation Act is to "provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault of his own. *Salzl v. Gibson Greeting Cards* (1980), 61 Ohio St. 2d 35, 39 [15 O.O.3d 49]...Furthermore, R.C. 4141.46 states that the act is to be liberally construed and appellant deserves a right to have her claim determined on its merits pursuant to R.C. 4141.26."

In *Meshew v. Administrator, Ohio Bureau of Employment Services* (1984), 18 Ohio App. 3d 97, the Court of Appeals for Wayne County reviewed a situation where a small family-owned corporation was forced to reduce its personnel. One of its vice-presidents offered to accept a layoff because he felt he was the least productive of the family members who comprised the officers of the corporation. The Court of Appeals rejected the bureau's argument that the vice-president was voluntarily out of work. As an officer of the corporation, the vice-president suggested that it would be in the corporation's best interest to lay him off. The corporation then made the decision to do so. This did not mean that the vice president did not want to continue his employment. He was not voluntarily out of work.

Here, Cox took the only realistic option she had as president of the corporation, that is to sell the business. Her unrebutted testimony was that she attempted to continue to manage the business under the new owner. The record is utterly devoid of any evidence that she was voluntarily unemployed, or that she had quit working for reasons other than those which an ordinarily intelligent person consider justifiable.

We find, therefore, that the decision of the administrator was contrary to law, and that the trial court abused its discretion in affirming that decision.

The assignments of error are sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with applicable law and not inconsistent with this opinion.

*Judgment reversed and cause remanded.*

PUTMAN, P.J. Concurs.
MILLIGAN, J. Dissents.

MILLIGAN, J. Dissents:
Appellant claims the Board's finding that she "quit without just cause" is contrary to the manifest weight of the evidence. The administrative tribunal's decision is supported by some credible evidence, and the trial court's decision is not contrary to law. See Exhibit A attached.

The decision of purely factual questions is primarily within the province of the referee and the board of review. The courts reverse such decisions only when found to be contrary to law or against the manifest weight of the evidence. This court does not consider the question of the weight of the evidence.

*Brown-Brockemyer Co. v. Roach* (1947), 48 Ohio St. 511.

Appellant's assignments of error should be overruled on the authority of *Brown-Brockemyer Co. v. Roach, supra.*