QUAKER APARTMENTS OF WILMINGTON, INC., APPELLANT, *v.* KOSYDAR, TAX COMMR., APPELLEE.

(No. 73-808—Decided April 10, 1974.)

22

*Mr. Walter E. Schutt,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mrs. Maryann B. Gall,* for appellee.

PAUL W. BROWN, J. The sole question presented in this case is whether the sale of building materials to appellant for incorporation into its apartment building falls under the tax exception granted by R. C. 5739.02(B)(12) for sales made to organizations operated exclusively for charitable purposes. The Board of Tax Appeals concluded that it did not. We find the decision of the board to be reasonable and lawful, and affirm.

R. C. 5739.02(B)(12), in relevant part, excepts from taxation:

"Sales of tangible personal property to churches and to organizations not for profit operated exclusively for charitable purposes in this state, no part of the net income of which inures to the benefit of any private shareholder or individual and no substantial part of the activities of which consists of carrying on propaganda or otherwise attempting to influence legislation.

"Charitable purposes means the relief of poverty * * *."

Appellant contends that its *raison d'etre* is the relief of poverty, manifested in making available to persons with limited financial resources the kind of decent housing which would otherwise be beyond their means. It argues that by operating solely as the instrumentality of a federal effort to provide such housing and thus relieve poverty, while accruing no financial benefit for itself, it falls within that class of organizations contemplated by R. C. 5739.02(B) (12).

We do not agree with appellant. Previous cases decided by this court have held that an organization providing private housing, even at reduced rentals, does not operate "exclusively for charitable purposes" where, as in this case, all residents pay a part, and in some cases all, of their monthly rental (see *Cleveland Branch of the Guild of St. Barnabas v. Board of Tax Appeals* [1948], 150 Ohio St.

484; *Beerman Foundation* v. *Board of Tax Appeals* [1949], 152 Ohio St. 179), and where no services are provided for residents other than those which are common to apartment buildings generally (see *Philada Home Fund* v. *Board of Tax Appeals* [1966], 5 Ohio St. 2d 135, distinguished in *Carmelite Sisters, St. Rita's Home,* v. *Bd. of Review* [1969], 18 Ohio St. 2d 41).

It is axiomatic that statutes granting exception from a tax are to be construed strictly against the party claiming exception. The clear import of the cases cited above, which we reaffirm here, is that the offering of rental housing to paying tenants, without more, is not exclusively for a charitable purpose within the meaning of R. C. 5739.02(B)(12).

*Decision affirmed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.

O'NEILL, C. J., dissents.

HERBERT, J., concurring. Appellant concedes that in order for it to prevail, the record must establish that the instant facility is operated *exclusively* for the relief of poverty. This is a test which has been legislatively prescribed and one which is not easily satisfied. See *Good Samaritan Hospital* v. *Porterfield* (1972), 29 Ohio St. 2d 25, 278 N. E. 2d 26, dissenting opinion at page 32.