S.E.M. VILLA II, INC., APPELLANT, *v.* KINNEY, COMMISSIONER, APPELLEE.

(No. 80-1578—Decided April 22, 1981.)

*Condit & Dressing Co., L.P.A.,* and *Mr. James J. Condit,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Charles M. Steines,* for appellee.

*Per Curiam.* The issue in this case is whether appellant provides such services that it falls within the definition of a "home for the aged" contained in R. C. 5701.13.[1]

---

[1] R. C. 5701.13 provides, in part:

"As used in Title LVII of the Revised Code, and for the purpose of other sections of the Revised Code which refer specifically to Chapter 5701. or section 5701.13 of the Revised Code, a 'home for the aged' means a place of residence for aged persons which meets all of the following standards:

"(A) It is owned or operated by a corporation, unincorporated association, or trust of a charitable, religious, or fraternal nature, which is organized and operated not for profit of, and whose net earnings or any part thereof is not distributable to, its members, trustees, officers, or other private persons.

"(B) Not more than ninety-five percent of the expenses of caring for the residents of such home comes from the residents or is paid to the home in behalf of the residents.***

"(C) The home does not pay, directly or indirectly, compensation for services rendered, interest on debts incurred, or purchase price for land, building, equipment, supplies, or other goods or chattels, which compensation, interest, or purchase price is unreasonably high.

"(D) The following services are available, as needed by residents of the home, and shall be provided, at or below reasonable cost, for the life of each resident without regard to his ability to continue payment for the full cost thereof:

"(1) Lodging;

"(2) Prepared food;   .

"(3) Custodial care;

"(4) Medical and nursing care;

"(5) Such additional services as may be required for the full care of the resident.

"A service is provided, within the meaning of this division, if the home pays, or guarantees the payment, for all reasonable costs of securing such services on behalf of

Appellant contends that the evidence in the record supports a determination that it is in compliance with the requirements of R. C. 5701.13. We find that it does not.

In *Toledo Retirement Living* v. *Board of Tax Appeals* (1971), 27 Ohio St. 2d 255, this same issue was decided. This court there held that the old age home in question did not meet the requirements of R. C. 5701.13, and affirmed the decision of the board denying an exemption under R. C. 5709.12.

In applying R. C. 5701.13 to the present situation, the same conclusion is reached. There is no dispute as to the non-profit nature of the corporation, the below-cost level of the fees, and the reasonableness of the expenses incurred by the appellant. The problems arise in the application of R. C. 5701.13(D).

The custodial care provided by the appellant consists of the maintenance of the grounds and common areas, window washing, and shampooing of rugs. This does not encompass any personal service, such as assisting a resident in dressing, eating, bathing or cleaning. The commissioner and the board found this to be insufficient to qualify as "custodial care," and this conclusion is neither unreasonable nor unlawful.

Appellant employs a single nurse who works a 40-hour work week, and dispenses no medicine. Appellant does not employ a doctor, and medical care is provided by three doctors from the community who make visits to the facility. Appellant provides examining rooms, but the expense of the medical care is borne by the residents individually. Both the commissioner and the board found this to be insufficient to qualify as "medical and nursing care." We find this conclusion neither unreasonable nor unlawful.

Finally, the whole concept of congregate living is based on residents capable of caring for themselves.[2] Mr. Louis H. Bohen, the administrator of the appellant facility, stated on direct examination that, "[t]he residents in a congregate living

each resident and it can be secured without unreasonable inconvenience to the residents.

"Exemption from taxation shall be accorded, on proper application, only to those homes which meet the standards and provide the services specified in this section."

[2] Congregate living was described as "independent living where the residents live in an independent atmosphere, taking care of their own basic needs."

facility should be mentally and physically able to care for themselves, be ambulatory." Upon cross-examination, Bohen stated that, "[i]f they are no longer able to care for themselves, they would have to move out." He then made clear that the appellant "would not guarantee or pay for that person's expenses wherever they eventually move to\*\*\*." The commissioner and the board thus concluded that appellant did not provide the mandated services "for the life of each resident." R. C. 5701.13(D). Again, this conclusion is neither unreasonable nor unlawful.

We do not question the sincerity of appellant's motives in providing quality care for the elderly. The General Assembly, however, has laid down specific requirements for the granting of a tax exemption, and it is our function to apply those requirements as written. *Toledo Retirement Living, supra,* at 258.

For the foregoing reasons, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., W. BROWN, WHITESIDE, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

WHITESIDE, J., of the Tenth Appellate District, sitting for P. BROWN, J.