WESTWOOD CONSTRUCTION COMPANY, APPELLANT, *v.* BOARD OF REVIEW, OHIO BUREAU OF EMPLOYMENT SERVICES ET AL., APPELLEES.

(No. 83AP-292—Decided September 13, 1983.)

*McDonald, Hopkins & Hardy Co., L.P.A.,* and *Mr. Jeffrey R. Huntsberger,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Paul Koscik,* for appellees.

COOK, J. Appellant, Westwood Construction Company, has appealed a judgment of the Franklin County Court of Common Pleas affirming a determination of the Board of Review, Ohio Bureau of Employment Services, that appellant, holder of a D-1 liquor permit, was the "employer," for unemployment tax purposes, of individuals employed by Myron, Inc. and Hazel-O, Inc. in a bar and restaurant operated by them, under appellant's permit, at the location specified in the liquor license.

Appellant has filed the following assignment of error:

"The Franklin County Court of Common Pleas, erred in upholding the Board of Review's determination that appellant was the employer of Michael T. Powers and others similarly situated merely because it held a liquor permit for an address at which such individuals worked."

The assigned error is without merit.

This court has held that a liquor permit holder is the "employer," for purposes of unemployment taxes (see R.C. 4141.25), of all persons who work under the liquor permit at the location named in the permit even though the permit holder is not the owner or operator of the business operated at said location. *Mar-Gen, Inc.* v. *Giles* (Jan. 10, 1980), Franklin App. No. 79AP-413, unreported; *Hillcrest Recreation Center, Inc.* v. *State* (July 13, 1971), Franklin App. No. 71-23, unreported. See, also, R.C. 4303.27.

Appellant argues that the instant cause should be distinguished from the holdings in *Hillcrest Recreation Center, Inc.* and *Mar-Gen, Inc.* because those cases involved situations where the per-

mit holder entered into a management contract with another entity to manage the bar and sell liquor on behalf of the permit holder, while, in the instant cause, the permit holder (appellant) did not have a management contract with Myron, Inc. or Hazel-O, Inc. Here, the permit holder had agreed to transfer his permit to Myron, Inc., but, for some reason, the transfer was never completed.

However, we conclude the holdings of *Hillcrest Recreation Center, Inc.* and *Mar-Gen, Inc.* are applicable and control the disposition of the instant cause. In the instant cause, as in *Hillcrest Recreation Center, Inc.* and *Mar-Gen, Inc.*, liquor was sold under the liquor permit issued to the permit holder at the location named in the permit.

For the reasons set forth above, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

STRAUSBAUGH and NORRIS, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.