COLUMBUS COLONY HOUSING, INC., APPELLEE, *v.* LIMBACH, TAX COMMR., APPELLANT.

[Cite as Columbus Colony Housing, Inc., *v.* Limbach (1989), 45 Ohio St. 3d 253.]

(No. 88-477—Submitted June 7, 1989—Decided August 23, 1989.)

*Fred J. Milligan, Jr.,* for appellee.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Martha Jane Cooper,* for appellant.

H. BROWN, J. The taxpayer is a nonprofit corporation, exempt from federal taxation under Section 501(c)(3) of the Internal Revenue Code. Further, the taxpayer and the volunteers who participate in the programs at the taxpayer's apartment complex are engaged in a praiseworthy endeavor. However, our task is one of statutory interpretation. The statute which controls our decision is R.C. 5739.02(B)(12).

R.C. 5739.02(B)(12) exempted the following from sales tax:

"Sales of tangible personal property [or services] to churches and to nonprofit organizations operated exclusively for charitable purposes in this state, no part of the net income of which inures to the benefit of any private shareholder or individual and no substantial part of the activities of which consists of carrying on propaganda or otherwise attempting to influence legislation." Am. Sub. H.B. No. 355 (138 Ohio Laws, Part II, 2612, 2614); bracketed material added by Am. Sub. H.B. No. 694 (139 Ohio Laws, Part II, 3460, 4025). (R.C. 5741.02[C][2] provides a concomitant use tax exception.)

"Charitable purposes" is defined in this subsection as:

"* * * [T]he relief of poverty, the improvement of health through the alleviation of illness, disease, or injury, * * * [or] the operation of a home for the aged, as defined in section 5701.13 of the Revised Code * * *."

The taxpayer does not raise "relief of poverty" as a ground for its claim of exemption. Thus our decision turns on the question of whether the taxpayer's apartment complex is operated exclusively for the improvement of health through the alleviation of illness, disease, or injury.

The question must be answered in the negative. The record establishes that the primary function of the taxpayer's apartment complex is to provide residential housing. Indeed, the taxpayer's apartment complex is essentially similar to facilities inhabited by tenants who have no hearing impairment. Admittedly there are social, and perhaps even therapeutic, advantages where those who have a hearing impairment are provided a facility in which they can live together. The services provided by the taxpayer enhance the effectiveness of this community concept. The apartments contain some features which are beneficial to the hearing impaired. But health and alleviation of illness are not the exclusive purposes of the taxpayer's business. The provision of ordinary shelter is also a purpose—clearly the most important. The provision of

shelter is a service for which the taxpayer is compensated in full (either by HUD or by the residents).

This court has consistently held that the provision of private housing (even at reduced rates) does not, standing alone, demonstrate the charitable purpose required for exemption under R.C. 5739.02(B)(12). *Ohio Children's Society, Inc.* v. *Porterfield* (1971), 26 Ohio St. 2d 30, 55 O.O. 2d 17, 268 N.E. 2d 585; *Quaker Apartments of Wilmington, Inc.* v. *Kosydar* (1974), 38 Ohio St. 2d 20, 67 O.O. 2d 36, 309 N.E. 2d 863; *National Church Residences of Chillicothe* v. *Lindley* (1985), 18 Ohio St. 3d 53, 18 OBR 87, 479 N.E. 2d 870.

The General Assembly may choose to expand the exemption granted in R.C. 5739.02(B)(12) to provide relief for nonprofit organizations engaged in such worthwhile projects as the one undertaken by the taxpayer herein. However, our duty is to apply the statutory law as it is written. Accordingly, we find that the taxpayer is not entitled to exemption from sales and use tax on the purchases made by the taxpayer to operate its residential facility. The decision of the Board of Tax Appeals is reversed.

*Decision reversed.*

MOYER, C.J., SWEENEY, DOUGLAS and RESNICK, JJ., concur.

HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. In view of the facts of this case, where it is clear in the record that the premises have been constructed by a handicapped group for a number of its alumni, and that such facility, and its use, show the special purpose for such handicapped, I must take the position that the exemption per R.C. 5739.02 (B)(12) does apply.

I believe, as did the Board of Tax Appeals, that this nonprofit organization was operated exclusively for charitable purposes, and that such charitable purpose, in this instance "the improvement of health," may not technically be in "alleviation of illness, disease, or injury" here, but reasonably may be read to accomplish a similar purpose within the legislative purview.

I would affirm the Board of Tax Appeals.

WRIGHT, J., concurs in the foregoing dissenting opinion.