TOLEDO JEWISH HOME FOR THE AGED, INC., APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Toledo Jewish Home for the Aged, Inc. *v.* Limbach (1990), 53 Ohio St. 3d 52.]

(No. 89-581—Submitted March 15, 1990—Decided August 8, 1990.)

*Swain, Hardin & Hill* and *Donald H. Swain*, for appellant.

*Anthony J. Celebrezze, Jr.*, attorney general, and *James C. Sauer*, for appellee.

*Per Curiam.* Appellant raises two issues: (1) whether Pelham Manor was entitled to tax exemption, and (2) whether appellant was denied equal protection of the laws under the Ohio Constitution and the Constitution of the United States. Appellee contends that appellant failed to meet the standards for exemption under R.C. 5709.12, 5701.13(B) and 5701.13(D), and that the constitutional question presented is without merit. We agree with both contentions, and affirm the decision of the BTA.

Insofar as pertinent, R.C. 5709.12 reads as follows:

"* * * All property owned and used by a non-profit organization exclusively for a home for the aged, as defined in section 5701.13 of the Revised Code, shall also be exempt from taxation. * * *"

The parties have stipulated that appellant has complied with R.C. 5701.13(A) and 5701.13(C). At issue is compliance with R.C. 5701.13(B) and 5701.13(D). R.C. 5701.13, during the tax years in question, read in part as follows:

"* * * 'A home for the aged' means a place of residence for aged persons which meets all of the following standards:

"* * *

"(B) Not more than ninety-five percent of the expenses of caring for the residents of such home comes from the residents or is paid to the home in behalf of the residents. * * *

"* * *

"(D) The following services are available, as needed by the residents of the home, and shall be provided, at or below reasonable cost, for the life of each resident without regard to his ability to continue payment for the full cost thereof:

"(1) Lodging;

"(2) Prepared food;

"(3) Custodial care;

"(4) Medical and nursing care;

"(5) Such additional services as may be required for the full care of the resident.

"A service is provided, within the meaning of this division, if the home pays, or guarantees the payment, for all reasonable costs of securing such service on behalf of each resident and it can be secured without reasonable inconvenience to the residents.

"Exemption from taxation shall be accorded, on proper application, only to those homes which meet the standards and provide the services specified in this section."

In *Quaker Apartments* v. *Kosydar* (1974), 38 Ohio St. 2d 20, 23, 67 O.O. 2d 36, 38, 309 N.E. 2d 863, 865, we stated:

"It is axiomatic that statutes granting exception from a tax are to be construed strictly against the party claiming exception." See, also, *Southwestern Portland Cement Co.* v. *Lindley* (1981), 67 Ohio St. 2d 417, 425, 21 O.O. 3d 261, 266, 424 N.E. 2d 304, 309.

In simplest terms, the BTA determined the appellant did not sustain its burden of proof (1) that the Pelham Manor residents did not pay more than

ninety-five percent of the total expenses for their care, and (2) that lodging, food preparation, custodial care, medical and nursing care and additional necessary services were provided by appellant for the life of each resident, without regard to the resident's ability to pay for the full cost of such services.

During tax year 1982 residents of Pelham Manor paid in excess of the full costs of their care. Obviously, this exceeded the ninety-five percent standard in R.C. 5701.13(B) and it alone was a sufficient basis for denial of the exemption. *Ohio Presbyterian Homes, Inc.* v. *Kinney* (1984), 9 Ohio St. 3d 90, 9 OBR 319, 459 N.E. 2d 500; and *Toledo Bus. & Prof. Women's Retirement Living Inc.* v. *Bd. of Tax Appeals* (1971), 27 Ohio St. 2d 255, 56 O.O. 2d 153, 272 N.E. 2d 359.

Of similar import is appellant's failure to meet the requirements of R.C. 5701.13(D). The prefatory qualification for exemption under the statute is that, for the life of each resident, the specified services be provided at or below cost regardless of the resident's ability to continue payment therefor. As to the specified services, the Pelham Manor lease emphasizes the fact that the resident's ability to function without nursing care and with the degree of independence required to occupy the premises is important.

It is clear from the evidence presented to the BTA that appellant does not provide medical and nursing care to Pelham Manor residents. Appellant has conceded that such services are not available at Pelham Manor, but asserts they are available in reasonable proximity, namely at Darlington House. Darlington House, however, is separate and distinct from Pelham Manor in terms of type of facility and date of construction. There are also substantial differences in the terms and conditions of the agreement and the lease, respectively, applicable to occupancy of the premises.

Residents of Darlington House are provided care and services for life. Residents of Pelham Manor sign a lease for a specified term of months and are subject to eviction for nonpayment or infirmity. The failure of appellant to commit to providing services for the life of each resident, without regard to his or her ability to pay the full cost thereof, is determinative here. Retaining the right to evict upon failure to pay, even though that right is not exercised and even though appellant maintains a policy against eviction, defeats the exemption. *S.E.M. Villa II, Inc.* v. *Kinney* (1981), 66 Ohio St. 2d 67, 20 O.O. 3d 60, 419 N.E. 2d 879.

As we observed in *Ohio Presbyterian Homes, supra,* at 94, 9 OBR at 322, 459 N.E. 2d at 503:

"Based on our holding in *S.E.M.,* we find that appellant's possession of the right to terminate the residency of an individual does not comply with R.C. 5701.13(D). Although there was testimony of appellant's policy to provide hardship discounts to residents, the mere possession of the right to terminate an occupancy violates the statute whether it is exercised or not."

Furthermore, only one meal a day is available to residents at Pelham Manor. This is insufficient to meet the standard of providing prepared food under R.C. 5701.13(D). *Ohio Presbyterian Homes, supra,* at 94-95, 9 OBR at 323, 459 N.E. 2d at 504.

The BTA's finding that appellant did not operate a single facility but, in fact, operated two separate facilities and that appellant failed to establish its right to exemption for Pelham Manor was based upon evidence of record. It was reasonable and lawful, and is, therefore, affirmed.

Appellant also contends that it was denied equal protection of the laws since other taxpayers, owners of real estate and operators of extended care facilities and congregate housing facilities similar to appellant's have been granted tax exemption. Appellee argues that the constitutional question was not raised in a timely fashion and that this court lacks jurisdiction to hear the question. We agree.

A question involving the constitutionality of the application of tax statutes in particular situations must be raised at the first opportunity. That was not done in this case and we have no jurisdiction to determine the issue. *Cleveland Gear Co.* v. *Limbach* (1988), 35 Ohio St. 3d 229, 520 N.E. 2d 188, paragraph three of the syllabus.

Additionally, as appellee argues, the facts of the instant case are distinguishable from those in *In re Application of Ohio Presbyterian Homes* (Feb. 23, 1989), Tax Commr. Journal Entry No. PE 2427, unreported. In that case, the Tax Commissioner granted partial exemption to Breckenridge Village because it complied with R.C. 5701.13. Those residents in the exempted portion of Breckenridge Village specifically received all the services identified in R.C. 5701.13(D). As we have found, Pelham Manor residents did not.

For the reasons stated above, the decision of the BTA is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.