CAPTAIN FRANK'S, INC., Appellant,

v.

LIMBACH, Tax Commr., Appellee.

[Cite as *Captain Frank's, Inc. v. Limbach* (1991), 76 Ohio App.3d 438.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59300.

Decided Nov. 25, 1991.

*Valore, Moss & Kalk* and *Jerald L. Moss,* for appellant.

*Lee I. Fisher,* Attorney General, and *M. Linda Weigand,* Assistant Attorney General, for appellee.

KRUPANSKY, Chief Justice.

Appellant Captain Frank's, Inc. ("Captain Frank's") challenges the decision and order of the Ohio Board of Tax Appeals (the "board") regarding a sales tax assessment made by Joanne Limbach, Tax Commissioner of Ohio, for the period from January 1, 1985 through February 28, 1987.

Appellant owned and operated a restaurant and bar at the foot of the East Ninth Street Pier in Cleveland, Ohio, under a vendor's license and liquor permit issued in the name of Captain Frank's since 1955.

Beginning in December 1984, Captain Frank's and Rudolph Hubka, Jr. as the East Ninth Street Pier Corporation ("Pier Corporation") entered into a series of agreements concerning the sale and operation of the business. Hubka and/or Pier Corporation agreed to buy, and Captain Frank's agreed to sell, substantially all of its assets and other interest in the business as a going concern for $275,000 to be paid over eighteen months.

The agreement was made contingent "upon and subject to the issuance of D–5, D–6, Liquor, Food & Occupancy permits" to Pier Corporation. Accordingly, the parties entered into a Management Agreement to operate the business pending approval from the Ohio Department of Liquor Control to transfer the liquor permit from Captain Frank's to Pier Corporation.

The parties subsequently entered into an "Amendment to Purchase Agreement" in April 1985 which transferred management control from Captain Frank's, referred to as "Owner," to Pier Corporation as "Manager." Pier Corporation applied and paid for a vendor's license to sell food and alcoholic beverages in its own name at the Cuyahoga County Auditor's Office. The board concluded after the hearing, however, Pier Corporation's vendor's license was never activated because the liquor permit was never transferred from Captain Frank's to Pier Corporation.

Although these agreements provided that Pier Corporation was to receive all profits, Hubka testified that Pier Corporation was to report and remit all

sales tax collected on food sales at the premises, whereas Captain Frank's would remit all sales tax collected on liquor sales. Captain Frank's paid sales tax collected on liquor sales during the period through June 30, 1986, but the sales tax collected for food sales on the premises was not paid by either party. No payments were made by Pier Corporation under the vendor's license for which it had applied and Captain Frank's did not make any effort to cancel the vendor's license in its name.

The parties entered into a final agreement in April 1987, after previously extending the purchase price payment terms, to remedy several defaults by Pier Corporation under the agreements including the failure to pay the modified installments of the purchase price, and for certain inventory and various tax liabilities.

The record demonstrates the Department of Liquor Control denied the transfer of the liquor permit from Captain Frank's to Pier Corporation, and Pier Corporation filed a petition for bankruptcy on April 22, 1987. The sale of the restaurant and bar business was never consummated.

The Department of Taxation conducted an audit in April 1987 and issued an assessment in the amount of $183,739.17 for the unpaid sales taxes collected on food and liquor at the premises together with certain other charges and penalties. Captain Frank's concedes liability for the sales tax deficiency calculated for liquor sales, but disputes the validity of the assessment for taxes on food sales which it contends should have been made against Pier Corporation.

Appellant's first assignment of error follows:

"Whether the board of tax appeals erred in upholding the Tax Commissioner's assessment of sales tax where a taxpayer and its buyer/manager complied with Ohio law by obtaining a vendor's license from the tax commissioner's agent."

Appellant's first assignment of error is without merit.

R.C. 5717.04 governs the court's standard of review for a board decision and provides as follows:

"If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification."

Accordingly, our review is limited to making a determination as to whether the decision of the board was reasonable and lawful. *PPG Industries v. Kosydar* (1981), 65 Ohio St.2d 80, 19 O.O.3d 268, 417 N.E.2d 1385.

■ Captain Frank's contends Pier Corporation is responsible for the sales taxes assessed on food sold at the restaurant since Captain Frank's merely engaged in the sale of alcoholic beverages under its liquor permit. Captain Frank's argues the assessment should have been made against Pier Corporation due to its application for a separate vendor's license.

R.C. 5739.03 establishes the sales tax collection and reporting requirements and provides the vendor must collect applicable sales tax from the consumer for all taxable sales. "Vendor" is defined by R.C. 5739.01(C) as follows:

" * * * [T]he person providing the service or by whom the transfer effected or license given by a sale is or is to be made or given; if two or more persons are engaged in business in the same retail establishment under a single trade name in which all collections on account of sales by each are made, such persons shall constitute a single vendor."

The Ohio Supreme Court has imposed liability on the holder of a liquor permit for all sales tax assessed on liquor *and* food sales at a restaurant and bar where the liquor permit holder provides facilities and arranges for food to be served to customers in conjunction with the operation of the business. *Parrish v. Glander* (1952), 157 Ohio St. 274, 47 O.O. 168, 105 N.E.2d 249 (applying the identical definition of "vendor" under the prior General Code provision).

Courts continue to apply this reasoning when reviewing the validity of sales tax assessments against liquor permit holders even after the sale of the business is consummated when such business is engaged in food and liquor sales but the liquor permit has not been transferred. *Wilson v. Lindley* (Dec. 27, 1983), Franklin App. No. 83 AP–335, unreported, 1983 WL 3848; see, also, *Westwood Constr. Co. v. Bd. of Review* (1983), 11 Ohio App.3d 120, 11 OBR 175, 463 N.E.2d 426 (liquor permit holder remains "employer" for purposes of unemployment taxes despite fact person no longer owns or operates the business).

Captain Frank's attempts to distinguish these cases based on its claim that Pier Corporation obtained its own vendor's license to conduct business on the premises. The evidence presented by the Department of Taxation revealed Captain Frank's was issued the only valid vendor's license for the business and Pier Corporation's vendor's license was never activated based on the department's administrative practice not to activate such licenses for the

buyer until the Department of Liquor Control transferred the liquor permit from the prior owner.

The evidence presented by the Department of Taxation also revealed its licensing unit, after Pier Corporation filed an application for a vendor's license, sent Pier Corporation a standard questionnaire and cover letter informing the corporation the processing of its application could not be completed without additional information. The letter specifically directed Pier Corporation to report all sales tax liability on Captain Frank's vendor's license number during the interim.

Pier Corporation's vendor's license was never activated or validated because Pier Corporation did not provide the information and the Department of Liquor Control did not approve the transfer of the liquor permit from Captain Frank's. Pier Corporation's failure to obtain a valid vendor's license renders Captain Frank's liable since it possessed the only valid vendor's license and liquor permit for the premises under *Parrish v. Glander, supra.*

■ Moreover, even if two entities have qualified as vendors with respect to the food and liquor sales at the restaurant, the Department of Taxation may assess either one since the department is not bound by any private agreement between the parties allocating the sales tax burden among the vendors. *E.g., Consolidated Bottling Co. v. Lindley* (Oct. 19, 1981), B.T.A. No. 81–D–17.

Accordingly, appellant's first assignment of error is without merit and overruled.

Appellant's second assignment of error follows:

"Whether the Board of Tax Appeals erred in upholding the Tax Commissioner's assessment of sales tax against a taxpayer without notice to the taxpayer that the taxpayer's buyer/manager's vendor's license had not been activated."

Appellant's second assignment of error is overruled.

■ Appellant argues the Department of Taxation's alleged failure to comply with notice and hearing requirements when "revoking" the vendor's license issued to Pier Corporation deprived Captain Frank's of due process of law and thereby renders the assessment against Captain Frank's invalid. It should be noted R.C. 5739.19 governs the "revocation" of a validly issued vendor's license and not the initial "activation" of a vendor's license as in the case *sub judice.*

Nevertheless, Captain Frank's belatedly raised this argument for the first time *after* the hearing conducted by the board. However, in this context the Ohio Supreme Court has held as follows:

*"A question involving the constitutionality of the application of tax statutes in particular situations must be raised at the first opportunity.*

That was not done in this case and we have no jurisdiction to determine the issue." (Emphasis added.) *Toledo Jewish Home for the Aged, Inc. v. Limbach* (1990), 53 Ohio St.3d 52, 55, 559 N.E.2d 451, 454.

This doctrine is also based on the practical necessity for presenting an adequate record for review upon appeal as stated in *Cleveland Gear Co. v. Limbach* (1988), 35 Ohio St.3d 229, 520 N.E.2d 188, at paragraph three of the syllabus:

"The question of whether a tax statute is unconstitutional *when applied to a particular state of facts must be raised in the notice of appeal to the Board of Tax Appeals,* and the Board of Tax Appeals must receive evidence concerning this question if presented, even though the Board of Tax Appeals may not declare the statute unconstitutional." (Emphasis added.) *Id.*

It is obvious from appellant's brief and second assignment of error that appellant desires this court to determine the constitutionality of R.C. 5739.19 based on the specific facts herein.

However, this court lacks jurisdiction to consider the merits of this argument since Captain Frank's did not properly raise this claim in its notice of appeal to the Board of Tax Appeals.

Accordingly, appellant's second assignment of error is overruled.

The decision of the Board of Tax Appeals *sub judice* is reasonable and lawful and, therefore, must be affirmed.

*Decision affirmed.*

MATIA and BLACKMON, JJ., concur.