**In re HOWARD INDUSTRIES, INC., Debtor.**

No. 2–91–09887.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Oct. 15, 1997.

James J. Vinch, Dinsmore & Shohl LLP, Columbus, OH, and James H. Stethem, Douglas W. Campbell, Dinsmore & Shohl LLP, Cincinnati, OH, for debtor.

Brenda L. Dodrill, Assistant United States Attorney, Columbus, OH, Leslie M. Singer, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, Sharon J. Zealey, United States Attorney, by Terry Serena, Special Assistant United States Attorney, Cincinnati, OH, Office of the U.S. Trustee, Columbus, OH.

### OPINION AND ORDER ON DEBTOR'S OBJECTION TO CLAIM OF INTERNAL REVENUE SERVICE

Barbara J. SELLERS, Bankruptcy Judge.

This matter came before the Court on October 30, 1996, for a trial of the objection of debtor Howard Industries, Inc. to the claim of the Internal Revenue Service (IRS). At the conclusion of the trial on November 1, 1996, the parties agreed to submit post-trial briefs in lieu of closing arguments. The last of these briefs was filed May 27, 1997, and the matter is now ready for decision. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district.

This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(B).

This dispute has been ongoing for many years. During this time, the parties have worked diligently with the Court to refine their positions with respect to the IRS' claim. These continuing efforts are illustrated by the filing of the IRS' fourth amended claim on November 25, 1996, and the debtor's further adjustments to its objection in its two post-trial briefs.

The parties identified eight specific areas of disagreement remaining after trial. The Court will address each of these areas in turn, and what follows constitutes this Court's findings of fact and conclusions of law with respect to the debtor's objection.

■ With respect to each of these areas, this Court previously announced that the burden of proof would be allocated in accordance with the holding of the district court in *In re Ford*, 194 B.R. 583, 587–89 (S.D.Ohio 1995). Under *Ford*, the debtor after rebutting the *prima facie* correctness of the IRS' proof of claim would still retain the ultimate burden of proving by a preponderance of the evidence that the assessments were incorrect, just as a taxpayer would have to do in a nonbankruptcy forum.

1. *Form 940 EIN 31–0841145 for tax period ending 12–31–83*

The parties are now apparently in agreement as to the debtor's 940 tax liability for this period as the Internal Revenue Service has conceded the amounts which the debtor disputed. Therefore, the debtor's objection is moot.

2. *Forms 941 EIN 22–1738702 for various tax periods during the debtor's 1980 bankruptcy proceedings in New Jersey (Case Nos. 80–07173 through 80–07179)*

a. The debtor initially objects to an assessment made on November 22, 1982, and three assessments made on August 20, 1990. The basis for this objection is that these assessments were postpetition liabilities from the debtor's previous bankruptcy that should have been, but were not, included in the IRS' request for payment of administrative expenses filed on August 16, 1995 (Request for Payment). Payment of these amounts was provided for in the debtor's first modified plan of reorganization which was confirmed in October 1985. The IRS contends that these were merely "reconciling assessments" entered to reconcile payments made during the prior bankruptcy with liabilities that were previously unassessable due to the automatic stay.

■ With respect to the November 22, 1982 assessment, the debtor is factually incorrect. The date of the assessment clearly fell within the prior bankruptcy proceedings and the amount assessed presumably was included in the IRS' Request for Payment. Therefore, this objection is without merit and is hereby OVERRULED.

■ The amounts assessed on August 20, 1990, for the tax periods ending September 30, 1984, and December 31, 1984, however, should have been included in the IRS' Request for Payment, and were not. The argument that these entries were mere "reconciling assessments" strains credulity when it is noted that they occurred five years after the conclusion of the debtor's prior bankruptcy proceedings. The debtor's objection to these amounts is, therefore, SUSTAINED.

■ b. The debtor next objects to the IRS' total assessment of $15,013.53 for the tax period ending June 30, 1985. The grounds for this objection are that this amount exceeded the $12,534.85 requested by the IRS as an administrative expense. A review of the IRS' Request for Payment, however, reveals that the $12,534.85 was only an estimate of the debtor's liability for this period. Therefore, the Court concludes that the IRS could properly assess the additional $2,478.68, and the debtor's objection is OVERRULED.

c. The debtor also objects to assessments made on June 6, 1983, June 27, 1983, and November 25, 1985, for the tax period ending March 31, 1982. This objection is based on the debtor's belief that the assessments should have been included in the IRS' Request for Payment, but were not. The Court again will overrule the objection as to the June 1983 assessments since they were pre-

sumably included in the IRS' Request for Payment, having occurred prior to the conclusion of the debtor's prior bankruptcy. The Court sustains the objection as it relates to the November 25, 1985 assessment since this amount should have been included in the Request for Payment, but was not. The credit to be given the debtor should be reduced, however, by the amount of the refund it received for this period. The Court rejects the IRS' argument that this was a mere reconciling assessment since it clearly was not made within a few days of the debtor's payment of the administrative expense claim.

The debtor further objects to assessments made on November 25, 1985, and October 17, 1986, for the first quarter of 1985 and to five assessments made in late 1990 for the second quarter 1985. The debtor claims that these were assessments of penalties and interest attributable to the alleged $10,047.25 underpayment of the IRS' administrative claim.

■ The Court finds that the debtor proved by its principal's unrebutted testimony that the IRS official who prepared the Request for Administrative Payment reduced the amount owed to $75,498.70. The debtor subsequently paid this amount. Whether or not this reduction was correct, the Court agrees that the debtor should not be responsible for any penalties and interest resulting from this act. Accordingly, the debtor's objection to these assessments is SUSTAINED.[1]

### 3. Form 941 EIN 22-1738702 for various tax periods

The debtor objects to numerous assessments for 941 taxes on the grounds that that was part of the debtor's prior bankruptcy and should have been, but were not, included in the IRS' Request for Payment. One of the assessments, however, occurred on January 31, 1983, and presumably was included in the IRS' request. Accordingly, the debtor's objection to this assessment is OVERRULED. The other nine assessments iden-

tified by the debtor did, in fact, take place after the conclusion of its prior bankruptcy. Therefore, the debtor's objection to these assessments is SUSTAINED.[2]

### 4. Form 941 EIN 74-1770864 for various tax periods

The debtor objects to various assessments made for tax periods ending September 30, 1982, December 31, 1982, March 31, 1983 and June 30, 1983. Again, the basis for the objection is that the IRS should have included these amounts in their Request for Payment.

For the reasons already expressed, the Court SUSTAINS the debtor's objection to the three assessments made on June 15, 1987, and May 15, 1987, respectively. The Court OVERRULES the debtor's objections with respect to the second quarter of 1983 since the assessments were made in 1984 and were presumably included in the IRS' Request for Payment. The Court also OVERRULES the debtor's objection to two assessments allegedly made on December 9, 1985, for the third quarter of 1982 because no such assessments can be located in the taxpayer's transcripts.

### 5. Form 941 EIN 31-0841145 for tax period ending December 31, 1988

The debtor objects to three assessments made on March 27, 1989, and December 3, 1990, respectively. The problem arose when the debtor paid its required deposits in full, but used the wrong payment coupon. As a result, the IRS applied the payment to the EIN 22-1738702 account. When the debtor promptly notified the IRS of the mistake, the deposits were moved to the EIN 31-0814145 account, but were applied to the first quarter of 1989 instead of the last quarter of 1988.

The IRS argues that if the deposits had not been applied to the first quarter of 1989, similar assessments of interest and/or penalties would have grown in that period. In its view, the difference in interest and penalties

---

1. Some liability may exist for penalties and/or interest for the tax period ending June 30, 1985, to the extent it is based on the additional $2,478.68 which the IRS found the debtor still owed after its administrative expense claim was

paid. The original amount was based only on an estimated tax liability.

2. See fn 1.

between the two tax periods would be minimal, and, in any event, was never established by the debtor.

■ The Court believes that the IRS has misconstrued the burden of proof in this instance. The deposits should have been applied to the last quarter of 1988 per the debtor's instruction, and the IRS concedes that had this been done, no liability would be owing for this tax period. Therefore, the debtor's objection to these assessments will be SUSTAINED. While the IRS' argument may have some logical appeal, its assessments should have been based on the otherwise unpaid tax liability for the first quarter of 1989.

6. *Form 941 EIN 74-1770864 for tax period ending December 31, 1985*

The debtor objects to five assessments made on February 1, 1988, and February 18, 1991, respectively. The basis for the objection is that the IRS made improper Combined Annual Wage Report (CAWR) adjustments. CAWR adjustments are appropriate when a year-end comparison reveals discrepancies between an employer's Form 941 returns and the amount of wages reported as paid to the Social Security Administration.

The debtor presented evidence in the form of W-3 transmittal of income and tax statements for 1985, the four quarterly 941 returns, a statement of adjustment to account, and a processed employer summary. (Debtor's Exhibit 38). These documents tend to show the lack of any discrepancy. Moreover, at least one bankruptcy court has opined that a CAWR assessment fails *even in a non-bankruptcy forum* where the IRS offers no credible proof to raise the presumption of correctness. *In re Dakota Industries, Inc.,* 131 B.R. 437, 445 (Bankr.D.S.D.1991). (Emphasis added). The IRS failed to come forward with such proof. Therefore, it does not appear that the CAWR adjustments were proper.

■ Nevertheless, the Court OVERRULES the debtor's objection. The taxpayer's transcript shows that these assessments were paid on January 25, 1991. Since the debtor failed to request a refund of the $14,-176.00 until August 13, 1993, any claim for an offsetting credit in this amount is barred by 26 U.S.C. § 6511(a).

7. *Form 940 EIN 31-0841145, 74-1770864, 22-1738702 for various tax periods*

a. The debtor first objects under this heading to an assessment of $721.86 against EIN 31-0811455 for late filing of the 940 return for the tax period ending December 31, 1985. The debtor believes the return was timely filed but was somehow lost in transit.

■ The debtor did not file the return by registered or certified mail, and it may not rely on circumstantial evidence to prove that the return was timely filed. *Surowka v. United States,* 909 F.2d 148 (6th Cir.1990). Therefore, the objection to the interest and penalties imposed for late filing is OVERRULED.

b. The debtor also objects to various deposit penalties which were assessed when it appeared that EIN 74-1770864 and 22-1738702 were not entitled to credits for certain state taxes paid due to the fact that no state certifications were filed on their behalf for these tax periods. The debtor presented evidence that the two entities had already merged with EIN 31-08141145 by this time and that it had, in fact, provided the IRS with the appropriate state certifications under the latter employer identification number.

■ The Court finds that the debtor was entitled to the credits based on the state certifications. However, the taxpayer transcript for EIN 74-1770864 shows payment of the penalties on January 25, 1991, and April 27, 1991, for tax years 1985 and 1986, respectively. Title 26, United States Code, Section 6511(a) provides:

Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was

filed by the taxpayer, within 2 years from the time the tax was paid . . .

26 U.S.C. § 6511(a).

Because the debtor did not request a refund of this overpayment until August 13, 1993, its claim for a credit or refund is time-barred.

With respect to EIN 22–1738702, the overpayments for 1987 and 1988 were not made until September 15, 1991. Therefore, the debtor's claim for an offsetting credit of $8,505.87 is not time-barred. Accordingly, the debtor's objection to the deposit penalties imposed against EIN 22–1738702 is SUSTAINED.

### 8. *Adjustments to interest and penalties*

The debtor, in addition to the specific objections discussed above, requests further downward adjustments of $61,778.59 in interest and $78,440.22 in penalties based on its expert's analysis of its payment patterns after June 1985. The debtor contends that the adjustments already made by the IRS do not adequately compensate it for the disruption of its business and its subsequent deposit problem. The expert's opinion is based on his assumption that the debtor began to substantially comply with its deposit requirements in the fourth quarter of 1990, and that the interest and penalties from June 1989 to September 1990 were caused by the IRS' diversion of funds to tax periods that preceded the prior bankruptcy. The debtor complains that overly-aggressive collection tactics and the refusal of the IRS to provide copies of the debtor's transcripts exacerbated the situation and made it impossible for the debtor to submit regular deposits.

The Court finds that the evidence did not support the expert's opinion that the debtor was in substantial compliance under its deposit requirements by the fourth quarter of 1990. Furthermore, although the debtor did present evidence of overly-aggressive collection tactics and failure to timely provide copies of its transcripts, the Court does not believe that the evidence rose to the level required to invalidate the interest and penalty assessments for the tax periods in question. In short, the debtor's expert's best guess as to the amounts of interest and penalties assessed as a result of the government's improper collection and accounting practices is not enough. Therefore, the debtor's request for these adjustments is DENIED.

Based on the foregoing, the debtor's objection to the claim of the Internal Revenue Service is **SUSTAINED IN PART** and **OVERRULED IN PART.** The IRS shall file a fifth amended proof of claim within thirty (30) days which reflects the findings and conclusions recited in this opinion and order.

**IT IS SO ORDERED.**