**In re George T. COULTRAP, Debtor.**

**No. 99–52776.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

March 10, 2000.

Betty Montgomery, Attorney General, Wayne Novick, Centerville, OH, Michelle T. Sutter, Assistant Attorney General, Columbus, OH, for Ohio Department of Taxation.

D. William Davis, Bridgeport, OH, for debtor.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

### OPINION AND ORDER SUSTAINING DEBTOR'S OBJECTION TO CLAIM OF OHIO DEPARTMENT OF TAXATION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the debtor's objection to the proof of claim filed by the Ohio Department of Taxation. The Ohio Department of Taxation opposed the objection, and the Court conducted a hearing on December 10, 1999. Following the hearing, the Ohio Department of Taxation submitted a memorandum in support of its claim. This contested matter is now ready for decision.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and

the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(B).

### Findings of Fact

1. The debtor operated a business known as Pizza Tom's at 202 Main Street, Coshocton, Ohio, from September 10, 1986, to October 1, 1987. During this time, the debtor held a vendor's license, as well as a liquor permit issued by the Ohio Department of Liquor Control. *See* Transcript of Proceedings pp. 7–8.

2. As required of a vendor operating in the State of Ohio, the debtor remitted sales taxes to the Ohio Department of Taxation on December 8, 1986, January 31, 1987, June 15, 1987, July 31, 1987, and August 10, 1987. *See* Debtor's Exhibit 3 and Transcript of Proceedings pp. 23, 35.

3. The debtor sold the business known as Pizza Tom's to Thomas Meechan on October 1, 1987, for $30,000. Pursuant to the sales agreement prepared by Eugene B. Weir, Meechan's attorney, $25,000 of this amount was placed in escrow pending payment of all sales taxes then due and the transfer of the debtor's liquor permit to Meechan by the Ohio Department of Liquor Control. *See* Transcript of Proceedings p. 9.

4. The debtor executed all documents required of him for the transfer of the liquor permit. *See* Transcript of Proceedings pp. 27–28. He notified the Ohio Department of Taxation that he was cancelling his vendor's license and requested that any further correspondence be sent to his home address. *See* Transcript of Proceedings pp. 21–22, 22–23, 35. The Ohio Department of Taxation did not cancel the debtor's vendor's license and continued to direct all correspondence to the debtor's former business address. *See* Transcript of Proceedings pp. 51–52.

5. On November 24, 1987, the debtor received a check from Attorney Weir's trust account for approximately $9,000. This amount represented the balance of the net proceeds after payment of the sales taxes then due. *See* Transcript of Proceedings pp. 9, 26–27.

6. Thomas Meechan and his wife Roberta applied for the transfer of the debtor's liquor permit, but it does not appear that the Ohio Department of Liquor Control ever transferred the permit from the debtor's name to the Meechans. *See* Creditor's Exhibit C and Transcript of Proceedings p. 48.

7. The liquor permit held by the debtor during the time he operated the business would have expired October 1, 1988. The Ohio Department of Taxation's assertion on page 2 of its post-hearing memorandum to the contrary, there is no credible evidence that the debtor executed a renewal application, and no such application was made a part of this record. The debtor flatly denied any such assertion. *See* Transcript of Proceedings p. 15 and Creditor's Exhibit A.

8. Thomas Meechan dba Pizza Tom's filed an application for renewal of the liquor permit in October 1989. Although the application was signed by Thomas Meechan only, the debtor's preprinted name appears at the bottom of the form along with the address for Pizza Tom's. *See* Debtor's Exhibit 1.

9. The Ohio Department of Taxation put a hold on Meechan's renewal application for certain tax delinquencies, but lifted the hold on December 29, 1989. The Ohio Department of Liquor Control granted a provisional reinstatement of the liquor permit on January 8, 1990. Two and a half months later, however, the Ohio Department of Liquor Control cancelled the permit due to the holder's alleged failure to file for a renewal and also cancelled the Meechans' transfer application due to the transferor's purported failure to renew the permit. *See* Creditor's Exhibit C.

10. From at least December 4, 1987, the Ohio Department of Liquor Control was fully aware of the sale of the debtor's

business to the Meechans and the intended transfer of the liquor permit. The December 2, 1999 certification refers to records for the liquor permit in the name of Thomas D. and Roberta J. Meechan, dba Pizza Tom's. *See* Creditor's Exhibit C.

11. The debtor was unaware until December 1991 or January 1992 that the liquor permit had not, in fact, transferred. *See* Transcript of Proceedings p. 30 and Creditor's Exhibit A. Up to this time, the debtor had good reason to believe that the transfer had occurred prior to his receipt of the net sales proceeds on November 24, 1987.

12. In April 1993, the debtor received a phone call from the Ohio Attorney General's office that unless he paid some $103,-000 in delinquent sales taxes for Pizza Tom's, his checking accounts and rental properties would be seized. *See* Transcript of Proceedings pp. 10–11.

13. On March 10, 1994, the Board of Review for the Ohio Bureau of Employment Services issued a decision finding the debtor not to be liable for 1989 contributions based on wages earned by employees of Thomas and Roberta Meechan. The decision states in relevant part:

> Furthermore, the purchase price which was held in the attorney's trust account was released to the appellant, an act which was not to occur until the liquor permit was transferred. The appellant had justifiable cause to believe that the liquor permit had in fact been transferred under such circumstances. The record further establishes that following the filing of the liquor permit and payment from the attorney's trust account the appellant did not receive any further correspondence from the Ohio Department of Liquor Control or any other state agency dealing with taxation.
>
> Although the liquor permit for the business did not in fact transfer the appellant had justifiable grounds for believing the permit did in fact transfer and the appellant will not be held liable for contributions owed by the purchaser.

*See* Debtor's Exhibit 2 and Transcript of Proceedings pp. 18–21.

14. On March 29, 1999, the debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. He scheduled as disputed the claim of the Ohio Department of Taxation for 1986–87 sales taxes in the aggregate amount of $46,-521.44. His amended plan, which was confirmed on September 1, 1999, provided that no payment would be made on that claim until a final determination of its validity. *See* Debtor's Amended Schedule E and Amended Chapter 13 Plan filed June 25, 1999.

15. The Ohio Department of Taxation filed a proof of claim on May 6, 1999. This claim included sales tax judgments arising from the business known as Pizza Tom's. The total amount of these judgments, including penalties and interest is $47,944.21. The periods for which those sales taxes were due ranged from April 1988 to January 1990. *See* Debtor's Exhibit 4 and Transcript of Proceedings p. 54.

16. The proof of claim filed by the Ohio Department of Taxation also included sales tax assessments for May 1997 through April 1998, as well as income tax assessments for 1996 and 1997. These assessments apparently stem from a subsequent business of the debtor unrelated to the operation of Pizza Tom's. The debtor apparently does not dispute these assessments. *See* Debtor's Amended Schedule E. The sales tax assessments total $87,-000.81, of which $2,894.86 represents penalties. The income tax assessments add up to $1,621.21, including $502.14 in penalties. *See* Debtor's Exhibit D.

### Conclusions of Law

1. The filing of a properly executed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim. Bankruptcy Rule 3001(f). Following the presentation of the debtor's case-in-chief, this Court determined that the debtor had successfully rebutted this pre-

sumption. *See* Transcript of Proceedings pp. 37–38.

2. The question of whether the debtor or the taxing authority has the ultimate burden of proof in a bankruptcy proceeding to determine the validity of a tax claim is not settled. For purposes of this proceeding only, the Court will assume that the debtor must disprove by a preponderance of the evidence the validity of the Ohio Department of Taxation's claim. *Cf. In re Howard Industries, Inc.*, 225 B.R. 388, 390 (Bankr.S.D.Ohio 1997), *following In re Ford*, 194 B.R. 583, 587–89 (S.D.Ohio 1995) (after rebutting *prima facie* correctness of IRS' proof of claim, debtor still retained ultimate burden of proving that the assessments were correct, just as a taxpayer would have to do in a non-bankruptcy forum).

3. The Court concludes that the debtor has satisfied his burden of proof with respect to each of the items set forth in the foregoing Findings of Fact, including the pivotal issues of whether he had good reason to believe that the liquor permit had been transferred to the Meechans and whether he renewed his liquor permit after the sale of his business. Therefore, the only questions remaining for decision by this Court are legal.

■ 4. Ohio Revised Code Section 5739.13 provides that a vendor is personally responsible for all sales taxes attributable to business transactions. It is the Ohio Department of Taxation's contention that this liability continues so long as the vendor's license remains in effect even though the vendor has a legitimate belief that he has cancelled his license. The Ohio Department of Taxation further contends, without citing to any specific statute or administrative rule, that where a liquor permit is active and has not been transferred out of the vendor's name, the vendor's license cannot be cancelled. *See* Transcript of Proceedings p. 49.

■ 5. This Court concludes, even accepting the Ohio Department of Taxation's legal contentions, the debtor should not be liable for any sales taxes arising from operation of the business known as Pizza Tom's after October 1, 1988. But for the renewal of the debtor's liquor permit without his involvement, the liquor permit would have expired on that date. In that event, the debtor would have been free even under the Ohio Department of Taxation's contentions to cancel his vendor's license at that time. The debtor had, in fact, purported to cancel his vendor's permit one year earlier. Presumably, the Ohio Department of Taxation would finally have honored his request once the liquor permit expired. The Court concludes it would be inequitable to hold the debtor responsible for the Ohio Department of Liquor Control's apparent negligence.

■ 6. This Court additionally concludes that the debtor's belief that the liquor permit had been transferred to Thomas Meechan and that his vendor's license had been cancelled were well-founded under the circumstances; and, that the debtor for this reason as well, should not be liable for any sales taxes related to operation of Pizza Tom's after the sale of this business to Thomas Meechan. In making this conclusion, the Court has not given preclusive effect to the decision of the Board of Review for the Ohio Bureau of Employment Services. *See* Debtor's Exhibit 2. It is noteworthy, however, that this tribunal reached an identical decision with respect to the debtor's liability when confronted with the same facts under a statutory framework which the Ohio Department of Taxation admits is similar to that of Ohio Revised Code Section 5739.13. *See* Ohio Department of Taxation's post-hearing memorandum pp. 6–7.

7. The Court has reviewed the case authorities cited by the Ohio Department of Taxation in its post-hearing memorandum and does not believe they are dispositive of whether the debtor is liable for the sales taxes which arose after his transfer of the business. In *Captain Frank's, Inc.*

*v. Limbach,* the only reported case of the three, the seller knew that the transfer of the liquor permit had not occurred and entered into a management agreement with the buyer pending approval of the transfer. 76 Ohio App.3d 438, 439, 602 N.E.2d 357 (Cuyahoga Co. Ct.App.1991). In fact, as the result of the subsequent denial of the transfer, the sale of the restaurant was never consummated. *Id.* at 440, 602 N.E.2d 357, 358. In both of the unreported cases, the Ohio Board of Tax Appeals, as one of the bases for its decisions, found the sellers to have been negligent in some manner. In *Young v. Tracy,* No. 93–J–402, slip. op. at 3–4(BTA), the Board cited the failure of the seller to surrender his vendor's license. In *Drago v. Tracy,* No. 92–A–945, slip op. at 6(BTA) (Jan. 14, 1994), the Board chided the seller for his inattention to a significant business transaction and his neglect in failing to effect a completion of the transaction. None of the factual scenarios presented by these three cases are found in the debtor's case; hence, they are distinguishable.

8. The Court also concludes that the Ohio Department of Taxation's citation to *Westwood Constr. Co. v. Board of Review,* 11 Ohio App.3d 120, 463 N.E.2d 426 (1983), does nothing to counteract the force of the decision of the Board of Review for the Ohio Bureau of Employment Services in the debtor's case. *See* Debtor's Exhibit 2. *Westwood* states nothing more than the abstract proposition that the liquor permit holder is the "employer" for unemployment tax purposes for all employees who worked under the permit at the permit's location, even though the permit holder was not the owner or operator of the business. *Id.,* 463 N.E.2d at 427. There is absolutely no indication that the type of facts presented by the debtor's case was present in *Westwood.* In fact, the opposite can be surmised since *Westwood* merely affirmed the decision of the Board of Review. Obviously, the Board of Review felt that the debtor's case warranted a different result.

Based on the foregoing Findings of Fact and Conclusions of Law, the Court **SUSTAINS** the debtor's objection to the claim of the Ohio Department of Taxation. This claim shall be allowed in the amount of $10,322.02. Of this amount, $7,427.16 shall be paid as a priority claim, with the remaining $2,894.86, representing penalties, paid as a general unsecured claim. The balance of the Ohio Department's claim is disallowed.

**IT IS SO ORDERED.**